# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| DERRICK LAMONT COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 6:07-CV-26 (WLS) |
| | * | 42 U.S.C. § 1983 |
| TIMOTHY WATKINS, Detective, | * | |
| Thomas County Investigations, | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, Derrick Lamont Cochran, presently an inmate at the Thomas County Jail in Thomasville, Georgia, has filed the above styled Section 1983 action against the named Defendant. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Petitioner must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## **Plaintiff's Complaint**

This is Plaintiff's second lawsuit against this Defendant. A Report & Recommendation was submitted in Case No. 6:07-CV-16, recommending the dismissal of Plaintiff's prior action as frivolous and for failure to state a claim upon which relief may be granted. (See 6:07-CV-16, R-4). Although changing his complaint to make specific allegations against Defendant Watkins, Plaintiff is essentially re-pleading his prior case. Plaintiff alleges in his complaint that on November 13, 2006, Defendant Watkins "appeared on the news and quoted that I was gang related, had my first burglary charge at the age of 14 [and] stated that I was convicted of a sale of cocaine charge, which none of the above was true." (R-2). Plaintiff states that the Defendant "also slandered my name while doing an interview on WCTV and WALB news at six[,] [s]aying I was convicted of all these charges." *Id*. Plaintiff argues that his "constitutional rights were violated when Detective Timothy Watkins stated all the above things about [him] which were not true." *Id*. Plaintiff Cochran seeks compensation for his pain and suffering in an unspecified amount and seeks to have

his name "cleared in the news and newspapers." *Id*.

## **Preliminary Review**

Plaintiff's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in

3

> such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). A successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).

Although Plaintiff attempts to supplement his argument (from his prior lawsuit) for libel and/or slander against Defendant Watkins by making specific allegations, he still fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Slander and libel (defamation) are torts created by individual state law. There is no federal statute or right created under the constitution that would permit Plaintiff Cochran to file suit for libel or slander under 42 U.S.C. § 1983 for simple damage to reputation. In *Emory v. Peeler*, the Eleventh Circuit Court of Appeals held that "[a] naked claim that a state official's action damaged the plaintiff's reputation does not state a deprivation, without due process of law, of a liberty or property interest guaranteed by the Constitution." 756 F.2d 1547, 1554 (11th Cir. 1985); *see Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1166, 47 L.Ed. 2d 405 (1976) (the U.S. Supreme Court held "that damage to reputation must be coupled with the

4

denial of a more tangible interest, such as loss of employment, to warrant fourteenth amendment due process protection delivered by section 1983; reputation, standing alone, in not a liberty interest recognized by the Constitution or federal law."); *Bradford v. Bronner*, 665 F.2d 680, 682-83 (5th Cir. Unit B 1982).[1]

THEREFORE, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED as legally frivolous and for failing to state a cause of action upon which this court might grant relief. Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

---

[1] In footnote 16 of *Emory*, the Eleventh Circuit Court of Appeals noted that "In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982), this court adopted as binding precedent all decisions of Unit B of the former Fifth Circuit handed down after September 30, 1981."